IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINA ROCHERT,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:20-CV-1368-DMC<br><br><br>ORDER |

       Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgement remanding this case has been entered. See ECF No. 19. Pending before the Court is Plaintiff's counsel's motion for an award of attorney's fees in the amount of $27,900.00 under 42 U.S.C. § 406(b). See ECF No. 23. Plaintiff was provided notice of counsel's motion and has not filed any response thereto.

/ / /

/ / /

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff's representation in this case was provided by way of a June 17, 2020, contingent fee agreement whereby Plaintiff agreed to pay counsel 25% of any past-due benefits awarded by the agency if Plaintiff is awarded such benefits following a district court remand, less amounts already paid to counsel under the Equal Access to Justice Act (EAJA). See ECF No. 23-3. Plaintiff initiated this action for judicial review of an unfavorable administrative decision on July 8, 2020. See ECF No. 1. Final judgment was entered on July 20, 2021, based on this Court's order remanding for further administrative proceedings. See ECF Nos. 18 and 19. Pursuant to the stipulation of the parties, Plaintiff was awarded $8,200.00 in attorney's fees and costs under the Equal Access to Justice Act (EAJA), payable to Plaintiff less any offsets to be determined by the government. See ECF No. 22. On February 1, 2023, the agency provided Plaintiff notice that $44,241.00 had been withheld from past-due benefits to pay counsel, reflecting 25% of a total award of past-due benefits in the amount of $176,965.12. See ECF No. 23-2.

## II. DISCUSSION

Under the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). No other fee may be payable or certified for such representation except as allowed in this provision. See id.

A remand constitutes a "favorable judgment" under § 406(b). See Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993). While the Ninth Circuit has not directly addressed the issue, all other circuits to address the issue have concluded that the district court is authorized to award fees under § 406(b) when it remands for further proceedings and, following remand, the claimant is awarded past-due benefits. See Garcia v. Astrue, 500 F. Supp. 2d 1239, 1243 (C.D. Cal. 2007). Limiting § 406(b) awards to cases in which the district court itself awards past-due

benefits would discourage counsel from requesting a remand where it is appropriate. See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

The 25 percent statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. "In determining the reasonableness of fees sought, the district court must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793 and 808).

The Supreme Court has identified five factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court. See Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808). Those factors are: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. See id.

Finally, an award of fees under § 406(b) is offset by any prior award of attorney's fees granted under the Equal Access to Justice Act. See Gisbrecht, 535 U.S. at 796.

The Commissioner has filed a response to Plaintiff's counsel's motion. This filing, however, amounts to nothing more than a recitation of applicable caselaw and contains nothing in the way of analysis specific to this case. In particular, the Commissioner's response does not set forth any reasons why the Court should deny, in whole or in part, counsel's motion. The Court, therefore, considers Plaintiff's counsel's motion as unopposed. In this case, having considered the factors above, the Court finds Plaintiff's counsel's request reasonable given the fee agreement with Plaintiff, the results achieved, and the lack of any evidence of dilatory conduct designed to increase past-due benefits. Plaintiff's counsel's request for $27,900.00 represents a

substantial discount from the 25% agreed to by Plaintiff. Finally, in granting Plaintiff's counsel's motion, the Court notes that the Commissioner stipulated to an award of $8,200.00 under the EAJA, which Plaintiff's counsel appropriately asks be ordered to offset any award requested in the current motion.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's counsel's motion, ECF No. 16, is granted and counsel is awarded fees pursuant to 42 U.S.C. § 406(b) in the amount of $27,900.00, paid to counsel by the Commissioner of Social Security out of past-due benefits awarded to Plaintiff and withheld by the agency, to the extent such benefits have not already been paid to Plaintiff; and

2. Counsel shall reimburse to Plaintiff $8,200.00 previously paid to counsel under the EAJA.

Dated:  August 22, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE